## AMMON v MYERS, Admr, Etc

Ohio Appeals, 2nd Dist, Darke Co

No 438.   Decided Feb 7, 1934

Manix, Crawford & Billingsley, Greenville, for plaintiff in error.

Kerr, Kerr & Kerr, Troy, and Walter H. Albaugh, Troy, for Harry C. Myers, Admr., de bonis non with the will annexed of the estate of Waldo Aldrich, deceased.

## OPINION

By HORNBECK, PJ.

In the instant case the meaning of the language of the will is definite to the effect that any or all of the real estate mentioned in Item Fourth of the will may be used for the support of the wife and daughter. The support had been provided and the obligation to pay therefor had been assumed during the lifetime of the daughter upon the liability on the real estate of testator which he by his will had created. 11 C. J. 292. Everything has been done pursuant to the authority of the will except to make the sale. If the provision were nothing more than a power as in the Oswald case it would appear that the power had been exercised during the lifetime of the wife and daughter of the testator. But in our judgment it is more than a power, it is a charge on the real estate for the purpose set forth in the will and the codicil and the subject for which the charge was created, namely, the support of the widow and daughter created the necessity of enforcing the charge. We see no reason why the sale of the real estate should not be made, although the wife and daughter are dead. To so interpret the will manifestly meets the purpose of the testator. Any other interpretation would thwart the testator's desire and defeat his purpose.

A fair consideration of the will and codicil is convincing that it created a specific charge for the support of the wife and daughter of the testator, against the real estate of the testator described in Item Fourth.

Query is also made by counsel for plaintiff in error if the individual and separate property of Lucy Aldrich should first be exhausted before subjecting the real estate mentioned in Item IV of the will of testator to a charge for her support. We are of opinion that the real estate of testator in any event, whether or not Lucy Aldrich was able to support herself, was subject to the charge for her support.

The judgment of the trial court will be affirmed.

KUNKLE and BARNES, JJ, concur.